[Cite as *State v. Gibson*, 2026-Ohio-3140.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2026-CA-4 |
| Appellee | : | |
| | : | Trial Court Case No. 25-CR-0521 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| STANLEY GIBSON | : | Court) |
| | : | |
| Appellee | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on August 14, 2026, this appeal is dismissed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately send a copy of the court's ruling to each party and note that action on the docket. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.


For the court,

_____
RONALD C. LEWIS, PRESIDING JUDGE

TUCKER, J., and HANSEMAN, J., concur.

MORGAN GALLE, Attorney for Appellant
JOHN M. LINTZ, Attorney for Appellee State of Ohio
CHRISTOPHER BAZELEY, Attorney for Appellee Stanley Gibson

LEWIS, P.J.

{¶ 1} S.S. appeals from a judgment of the Clark County Common Pleas Court that sentenced defendant-appellee Stanley Gibson to six months incarceration following his guilty plea. Because S.S. lacks standing in the instant matter, we dismiss this appeal.

## I. Facts and Course of Proceedings

{¶ 2} According to the limited evidence in the record, on July 2, 2025, Gibson and his girlfriend were involved in a volatile situation at their home. Gibson, who was on his own property, called out to his neighbor, G.F., seeking assistance. Gibson, apparently, immediately realized that a civil protection order prohibited him from having contact with G.F., and instead sought assistance from another neighbor. Four days later, S.S., who lived with G.F., contacted police to inform them that during the July 2, 2025 incident, a video from her doorbell camera showed Gibson in his front yard say, "[G.F.], oh never mind."

{¶ 3} As a result of Gibson's statement on the video from the doorbell camera, on July 15, 2025, in Clark C.P. No. 25CR0521, Gibson was indicted by a Clark County grand jury on one count of violating a protection order in violation of R.C. 2919.27(A)(1), a fifth-degree felony. Gibson was separately indicted in Clark C.P. No. 25CR0520 regarding the situation with his girlfriend.

{¶ 4} Gibson initially pleaded not guilty in Case No. 25CR0521. On November 6, 2025, Gibson entered a negotiated guilty plea wherein he agreed to plead guilty as charged in the indictment in Case No. 25CR0521 and to plead guilty to an amended charge of

2

domestic violence as a first-degree misdemeanor in Case No. 25CR0520. In exchange, the State agreed to recommend community control sanctions. The trial court accepted Gibson's pleas, found Gibson guilty of the offenses to which he pleaded guilty, ordered a presentence investigation report ("PSI"), and scheduled sentencing for December 1, 2025.

{¶ 5} For reasons not apparent in our record, sentencing did not go forward on December 1, 2025, and was instead held on December 10, 2025. At the December 10, 2025 hearing, only Gibson, his attorney, and the prosecutor were identified on the record as being present. Following the statements of the parties, the trial court declined to impose the agreed recommended sentence and instead imposed a stated term of six months incarceration with zero days of jail time credit.

{¶ 6} S.S. filed a timely notice of appeal and alleged that she is the victim in Case No. 25CR0521. In her sole assignment of error, S.S. contends that the trial court's failure to notify her of the new sentencing date violated her: (1) constitutional rights under Ohio Const., art. 1, § 10a, commonly known as "Marsy's Law," (2) right to make a statement at sentencing pursuant to R.C. 2930.14, and (3) statutory rights to be present and heard at proceedings under R.C. 2930.09. S.S. contends that these violations require us to vacate Gibson's sentence and remand the cause to the trial court for resentencing.

{¶ 7} Gibson concedes that the trial court erred in failing to notify S.S. of the new sentencing date. The State concedes that S.S. was not notified of the December 10, 2025 hearing date, but notes that Gibson's sentence is expected to be completed by June 5, 2026, which may render the issue moot. S.S. responds that the issue is not moot because the trial court, upon remand, could impose a new sentence greater than the minimum six-month term initially imposed on Gibson.

3

## II. Marsy's Law

{¶ 8} "Marsy's Law is an amendment to Article I, Section 10a of the Ohio Constitution that expanded the rights afforded to victims of crimes." *State v. Trent*, 2025-Ohio-1278, ¶ 12 (2d Dist.). Marsy's Law identifies ten separate rights that were created to "secure for victims justice and due process throughout the criminal and juvenile justice systems." Ohio Const., art. 1, § 10a(A). S.S. relies on two of these rights in this appeal: (1) the right that "upon request," a victim is entitled to "reasonable and timely notice of all public proceedings involving the criminal offense . . . against the victim, and to be present at all such proceedings"; and (2) the right of a victim "to be heard in any public proceeding involving release, plea, sentencing, disposition, or parole, or in any public proceeding in which a right of the victim is implicated." *Id*. at § 10a(A)(2) and (3). In any proceeding involving the criminal offense against the victim, or in which the victim's rights are implicated, the victim may assert their constitutional rights and any other right afforded to the victim by law. *Id*. at § 10a(B). A "victim" is defined in the Ohio Constitution as "a person against whom the criminal offense or delinquent act is committed or who is directly and proximately harmed by the commission of the offense or act." *Id*. at § 10a(D).

{¶ 9} "To implement Marsy's Law, the Ohio General Assembly enacted new legislation and amended existing legislation under Chapter 2930 of the Revised Code, Ohio's victims' rights statute." *Trent* at ¶ 14. R.C. 2930.09(A)(1) provides that victims "have the right to be present, during any public proceeding, other than a grand jury proceeding" and "the right to be heard by the court at any proceeding in which any right of the victim is implicated." This includes sentencing hearings, during which a court shall permit the victim and victim's representative, if applicable, to be heard orally, in writing, or

4

both during the hearing.   R.C. 2930.14(A).   R.C. 2930.01(H) defines "victim" as having the same meaning as in the Constitution.

### III.    S.S. Lacks Standing to Appeal

**{¶ 10}** As an initial matter, we must address the issue of standing.   This is because "[s]tanding is a threshold requirement that must be met before a court may consider the merits of a legal claim."   *Beaver Excavating Co. v. Testa*, 2012-Ohio-5776, ¶ 8, citing *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 2007-Ohio-5024, ¶ 27, and *Cuyahoga Cty. Bd. of Commrs. v. State*, 2006-Ohio-6499, ¶ 22.   Failure to establish standing in the court of appeals is a jurisdictional flaw that requires a court to dismiss an action.   *Rauch v. Jefferson Twp. Bd. of Zoning Appeals*, 2016-Ohio-967, ¶ 15 (2d Dist.), citing *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 23.

**{¶ 11}** The burden of establishing standing is on the person or entity seeking relief. *Ohio Pyro* at ¶ 27.   "Whether a party has established standing to bring an action before the court is a question of law, which we review de novo."   *Moore v. Middletown*, 2012-Ohio-3897, ¶ 20, citing *Cuyahoga Cty. Bd. of Commrs.* at ¶ 23.

**{¶ 12}** "[C]ommon-law standing requires the litigant to demonstrate that he or she has suffered (1) an injury (2) that is fairly traceable to the defendant's allegedly unlawful conduct and (3) is likely to be redressed by the requested relief."   *Ohioans for Concealed Carry, Inc. v. Columbus*, 2020-Ohio-6724, ¶ 12, citing *Moore* at ¶ 22.   However, "standing may also be conferred by statute."   *Middletown v. Ferguson*, 25 Ohio St.3d 71, 75 (1986).   Under Marsy's Law, "when a victim of a crime seeks enforcement of his or her constitutional rights by submitting a request to the trial court, the victim has standing to file a direct appeal." *State v. Brasher*, 2022-Ohio-4703, ¶ 22.

**{¶ 13}** S.S. claims that she has standing because she is the victim of Gibson's charged offense of violating a protection order and "was directly and proximately harmed by the commission of Gibson's criminal offense." Appellant's Brief, p 2. S.S. asserts "upon information and belief" that she completed a Victim's Rights Request Form and had opted into several of her rights, including the right to notice of public proceedings. She further claims that "upon information and belief" she did not receive notification of the December 10, 2025 sentencing hearing. The record does not include any Victim's Rights Request Form or any other indication that S.S. was a victim that was entitled to request, and had in fact requested, notice of public proceedings. Despite S.S.'s assertions that she is a victim and made the necessary request, we cannot ignore the fact that there is no evidence in the record to support her contentions. "[I]n reviewing the trial court's judgment, we are limited to the record before the trial court." *FIG 20, LLC FBO SEC PTY v. He*, 2024-Ohio-754, ¶ 14 (2d Dist.).

**{¶ 14}** Based on the limited record before us, it appears that S.S. was *not* the victim of the offense. The language of the indictment tracked the language of the applicable statute, but no victim was listed, no bill of particulars was filed, and no Victim's Rights Request Form was included in the record. Because Gibson entered a guilty plea, we know very little of the facts that led to his indictment. The only transcript in the record before us is of the sentencing hearing, which again does not name the alleged victim or provide many details of the offense. The only evidence in the record before us identifying a purported victim is in the PSI. There, the victim is identified as G.F., as Gibson had called out to "G.F.," a protected person, on the video recording.

**{¶ 15}** It is fundamental that an "[a]ppeal lies only on behalf of a party aggrieved by the final order appealed from." *Ohio Contract Carriers Assn. v. Pub. Util. Comm.*, 140 Ohio

St. 160 (1942), syllabus. "'Generally, an appellant does not have standing to argue issues affecting another person.'" *Dayton Lodge, L.L.C. v. Hoffman*, 2013-Ohio-5755, ¶ 35 (2d Dist.), quoting *Benjamin v. Ernst & Young, L.L.P.*, 2006-Ohio-2739, ¶ 4 (10th Dist.). An exception may arise where "an appellant may 'complain of an error committed against a nonappealing party when the error is prejudicial to the rights of the appellant.'" *Benjamin* at ¶ 4, quoting *In re Smith*, 77 Ohio App.3d 1, 13 (6th Dist. 1991). While Marsy's Law recognizes that a victim has standing to appeal, the record does not reflect that S.S. is a victim. Nor has she identified any error by the trial court that prejudiced her rights. Therefore, S.S. lacks standing, and this appeal must be dismissed.

## IV. Conclusion

{¶ 16} Having determined that S.S. lacks standing, we dismiss this appeal.

. . . . . . . . . . . . .

TUCKER, J., and HANSEMAN, J., concur.

7